UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRIAN MOONEY,

Plaintiffs,

v.

HOWMEDICA OSTEONICS CORP.,

Defendant.

____________________________ /

Case No. 26-12346

Hon. F. Kay Behm
U.S. District Judge

**ORDER TO FILE AMENDED COMPLAINT ADDRESSING JURISDICTION**

Plaintiffs Brian Mooney filed this civil action in the Eastern District of Michigan on July 10, 2026, for negligence and defective design claims against Defendant Howmedia Osteonics for an allegedly defective artificial knee. ECF No. 1. The court seeks assurance that it has subject-matter jurisdiction over this matter. *See Akno 1010 Mkt. St. St. Louis Mo. LLC v. Pourtaghi*, 43 F.4th 624 (6th Cir. 2022) (reiterating the district court's duty to assure subject matter jurisdiction at the earliest opportunity).

Federal courts are courts of limited jurisdiction and "have a duty to consider their subject matter jurisdiction in regard to every case." *Answers in Genesis of Kentucky, Inc. v. Creation Ministries Int'l, Ltd.*,

556 F.3d 459, 465 (6th Cir. 2009). Federal courts generally may exercise jurisdiction over two types of cases: (1) those that "arise under federal law" (federal question jurisdiction), and (2) those in which the amount in controversy exceeds $75,000 and there is diversity of citizenship among the parties (diversity jurisdiction). 28 U.S.C. §§ 1331, 1332(a). The party asserting jurisdiction bears the burden of establishing jurisdiction. *See Durant v. Servicemaster Co.*, 147 F. Supp. 2d 744, 747 (E.D. Mich. 2001) (citing *Coyne v. American Tobacco Co.*, 183 F.3d 488, 493 (6th Cir. 1999); *Her Majesty The Queen in Right of the Province of Ontario v. City of Detroit*, 874 F.2d 332, 339 (6th Cir. 1989)). Under the Federal Rules of Civil Procedure, "[i]f the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

Which form of jurisdiction Plaintiff is pleading is slightly unclear. The complaint appears to allege that the court has jurisdiction because the parties are of diverse citizenship. ECF No. 1, PageID.1-2. But to sufficiently establish diversity jurisdiction, a party must allege both "the amount in controversy exceeds $75,000, and that diversity of citizenship exists." 28 U.S.C. § 1332. Diversity of citizenship requires "complete diversity such that no plaintiff is a citizen of the same state

as any defendant." *V & M Star, LP v. Centimark Corp.*, 596 F.3d 354, 355 (6th Cir. 2010) (citing *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). Natural persons have the citizenship of the state in which they are domiciled. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1072 (6th Cir. 1990). A corporation is considered a citizen of both its state of incorporation and the state in which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c)(1).

The complaint sufficiently alleges that Howmedica is a citizen of New Jersey according to its place of incorporation and principal place of business. ECF No. 1, PageID.1-2. However, the complaint merely states that Mooney is a resident of Michigan, but does not indicate that he is a "citizen" (i.e. is domiciled) in Michigan. The complaint also does not indicate that the amount in controversy exceeds $75,000 or allege any specific number. As such, Plaintiff is **ORDERED** to file an amended complaint that adequately alleges the jurisdiction of this court within 21 days – specifically including Mooney's citizenship and the amount in controversy. Failure to do so will result in dismissal of this case.

**SO ORDERED**.

Date: August 7, 2026

s/F. Kay Behm
F. Kay Behm
United States District Judge